S. R. LITTLE v. STATE.

No. A-3387. Opinion Filed June 26, 1920.

(190 Pac. 706.)

Appeal from County Court, Cotton County; J. R. Norman, Judge.

S. R. Little was convicted of violating the prohibitory law, and he appeals. Reversed and remanded.

A. S. Wells, for plaintiff in error.

The Attorney General and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, S. R. Little, John Little, and E. G. Trimble were by information filed in the county court of

Cotton county on the 11th day of May, 1916, jointly charged with a violation of the prohibitory law. Upon arraignment, John Little pleaded guilty and was sentenced to pay a fine of $100 and to be confined for 30 days in the county jail. February 5, 1918, an amended information was filed charging that on the 11th day of May, 1916, plaintiff in error, S. R. Little, John Little, and E. G. Trimble did unlawfully convey intoxicating liquor, and on the same day plaintiff in error was arraigned and filed a demurrer to the amended information, which was overruled, and the case was called for trial. Thereupon plaintiff in error filed an affidavit for continuance on the ground that John Little, a material witness for this defendant, is now in Tampico, Mexico, working on a pipe line for the Prairie Pipe Line Company, under a contract for six months' employment, dating from November 1, 1917; that at the time he left for Tampico this cause was not set for trial; that affiant did not know of the intention of the said John Little to leave the United States, and immediately after he learned that John Little had left he communicated with him, and John Little wrote to affiant that he would return to the United States about May 1, 1918, and would be available as a witness at any time after May 1st; that said witness, if present, would testify that on the 11th day of May, 1916, the said John Little, E. G. Trimble, and this defendant were driving from Wichita Falls into Oklahoma City in a Ford car; that said defendant was in the employ of John Little and E. G. Trimble as driver of said car and for no other purposes that said parties were at that time employed by the Gunsburg & Foreman Oil Company in making pipe line connections, and when they employed this defendant to drive them to Wichita Falls they said that their business was to procure parts and fittings for pipe lines from the supply houses in Wichita Falls; that John Little procured some whisky and beer at Wichita Falls and loaded the same into said car without knowledge of the defendant; that this defendant did not examine the contents of said car and was not advised that there was any whisky in said car; that said John Little pleaded guilty to said offense and served the sentence imposed; that on account of conditions existing in Mexico it was impracticable to attempt to take the deposition of said John Little. Affiant states that he can procure the attendance of said witness, and that said witness would testify as herein stated, and that he believes the same to be true; that said testimony is material to his defense, and said facts cannot be proved by any other witness. The motion for continuance was overruled and exception allowed. Proof was also offered by calling the former county attorney, who filed the original information as a witness, who testified that at the time John Little entered his plea of guilty and consented, as the owner of the car, that it be confiscated, he dismissed the case as to the defendant Trimble, and agreed to dismiss the case against plaintiff in error when John Little had served his sentence, and paid his fine; that he did not consult the court at the time of making this agreement.

The Attorney General has filed a confession of error which concludes as follows:

"We think that the defendant was entitled to a continuance in view of the nature of the case and the likelihood that the state's witnesses would have been available at some successive term of the

court. Under the peculiar stiuation in this case, as just outlined, we do not think that the judgment should be permitted to stand; that the cause should be reversed with instructions to give defendant a reasonable time in which to secure the attendance of his witnesses or to obtain their depositions."

In our opinion the confession of error is well founded and should be sustained. If what is alleged could be proved by the absent witness, it is of the most material character, and it is apparent that no diligence could have secured the presence of the absent witness when the case was called. The law does not require impossibilities. Because the court erred in overruling the defendant's motion for a continuance, the judgment will be reversed, and the cause remanded.